IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAYMOND RYAN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-14-MC-322-XR |
| § | |
| DEBORAH JAMES, Secretary, Department § | |
| of the Air Force § | |
| § | |
| *Defendant*. § | |

## ORDER

On this date, the Court considered the Magistrate Judge's Report and Recommendation. Doc. No. 5. After careful consideration, the Court adopts the Recommendation, and DENIES Plaintiff's motion for leave to file a complaint in this Court. Doc. No. 1.

## BACKGROUND

This case arises out of Plaintiff Raymond Ryan's employment relationship with the Department of the Air Force ("Air Force").  On April 10, 2014, Plaintiff filed this motion for leave to file a complaint. Doc. No. 1.  In his proposed complaint, Plaintiff seeks judicial review of an adverse Merit Systems Protection Board ("MSPB") decision.  Doc. No. 1, Ex. 2. On March 25, 2013, the MSPB issued its final decision denying Plaintiff's request for corrective action against the Air Force (hereinafter "2013 MSPB decision").  Plaintiff's employment relationship with the Air Force has been the subject of much litigation; Plaintiff has filed at least eight civil actions in this Court pertaining to his employment.  As a result of

this successive litigation, Chief Judge Biery entered an order requiring Plaintiff to obtain leave of Court before filing a new suit. *Ryan v. Donley et al.*, No. SA-10-CV-240-FB, Doc. No. 62. (W.D. Tex. Mar. 8, 2011).

Plaintiff has previously sought leave to file a complaint challenging the 2013 MSPB decision. Judge Hudspeth denied the motion, finding that the Court lacked subject matter jurisdiction under 5 U.S.C. § 7703 because the MSPB did not address any claims of discrimination, but instead only focused on Plaintiff's retaliation and whistleblowing claims. *Ryan v. Donley*, No. SA-13-MC-505-HH, Doc. No. 4. (W.D. Tex. July 12, 2013) (explaining that district courts only have jurisdiction to review MSPB decisions regarding claims of discrimination).

On April 10, 2014, Plaintiff filed this motion for leave to file another complaint challenging the 2013 MSPB decision. Doc. No. 1. On April 22, 2014, U.S. Magistrate Judge Henry Bemporad issued his Report and Recommendation that the motion be denied. Doc. No. 2. Plaintiff timely filed objections on May 8, 2014. Doc. No. 5.

## STANDARD OF REVIEW

In the event a party objects to a report or recommendation by a Magistrate Judge, the District Court is required to conduct a *de novo* review. 28 U.S.C. § 636(b)(1). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Plaintiff has filed written objections and, accordingly, the Court will conduct a *de novo* review to the portions of the Report to which Plaintiff objects.

**DISCUSSION**

As with the case he filed in Judge Hudspeth's Court, Plaintiff here seeks review of the 2013 MSPB decision. The only difference in procedural posture between that prior filing and the instant motion is that Plaintiff has now exhausted his administrative remedies at the Equal Employment Opportunity Commission ("EEOC") and has obtained a "right to sue" letter which he did not have when he sought leave to file a complaint with Judge Hudspeth. After reviewing Plaintiff's case, the Magistrate Judge recommends denying Plaintiff leave to file a complaint on two independent grounds. First, the Magistrate Judge found that that the EEOC properly dismissed Plaintiff's claim because it lacked jurisdiction to review the MSPB proceeding. Doc. No. 2 at 3-4. Second, and in the alternative, the Magistrate Judge found that the disability claims that Plaintiff seeks to assert in his complaint were tried to a jury in another jurisdiction. *Id.* at 4.

The EEOC found that it lacked jurisdiction over Plaintiff's claims because he was not seeking review of any MSPB determination regarding a claim of discrimination, and that therefore this was not a "mixed case" of retaliation and discrimination claims such that it would have jurisdiction under *Koeckner v. Solis*, 133 S.Ct. 596 (2012).[1] *See* Doc. No. 1. Ex. 1. As noted herein, Judge Hudspeth arrived at the same conclusion regarding the 2013 MSPB decision. Plaintiff objects to the EEOC's finding, and to the Magistrate Judge's acceptance thereof, that he did not pursue discrimination claims in his 2013 MSPB proceeding. Doc. No. 5 at 2. In his sworn objections, Plaintiff avers that he had in fact pled discrimination claims at the MSPB stage, but that the Administrative Law Judge ("ALJ") declined to rule on them. *Id.*

---

[1] In *Koeckner*, the Supreme Court held that the district courts have jurisdiction to review "mixed cases" where a claim of discrimination is mixed with other employment claims before the MSPB.

Although not expressly stated in his objections, Plaintiff appears to contend that the EEOC was incorrect in finding that it lacked jurisdiction to review the MSPB proceeding because he had in fact pled a mixed case, despite the fact that the ALJ did not address the discrimination claims.

For the purposes of its *de novo* review of the Magistrate's Report, the Court need not wade into the history of what did or did not occur in front of the MSPB because it is undisputed that any putative discrimination claims that Plaintiff seeks to assert here were fully tried to a jury in the Western District of Oklahoma in 2011. *Ryan v. Donley*, No. CIV-09-1374-C (W.D. Okla. Oct. 31, 2011), *aff'd*, 511 F.App'x. 687 (10th Cir. 2013). The Court agrees with the Magistrate Judge that any such claims of discrimination that Plaintiff seeks to assert here are barred under the doctrine of res judicata. "Res judicata applies where '(1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.'" *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (quoting *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)). All of these pre-conditions are met here.

In his objections, Plaintiff contends that the presiding Judge in his Western District of Oklahoma trial excluded evidence relevant to his proposed discrimination claims. Doc. No. 5 at 4. In addition, Plaintiff claims to have new evidence of discrimination obtained through Freedom of Information Act requests. *Id.* The fact that Plaintiff may have new evidence does not alter the fact that he is seeking to assert the same *claims* of discrimination here as were

tried to a final judgment in Oklahoma. *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994)(finding that if conditions for res judicata are met, all claims and defenses arising from the same "common operative of nucleus of operative facts" are barred in subsequent litigation). As a result, the Court concludes that the discrimination claims Plaintiff wishes to assert would be barred by res judicata, and accordingly leave to file a complaint should be DENIED.

## CONCLUSION

In light of the foregoing analysis, the Court agrees with the Magistrate Judge that Plaintiff's motion for leave to file a complaint should be DENIED. Doc. No. 1.

SIGNED this 14th day of May, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE